Lori M. Bemis, WSBA #32921
McGAVICK GRAVES, P.S.
1102 Broadway, Suite 500
Tacoma, WA 98402
(253) 627-1181 | (253) 627-2247
lmb@mcgavick.com

Robert V. Cornish, Jr. (PHV Pending)
LAW OFFICES OF ROBERT V. CORNISH, JR., PC
680 South Cache Street, Suite 100
Jackson, WY 83001
(307) 264-0535 | (571) 290-6052
rcornish@rcornishlaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZHENG JIN, SUHAO ZHANG, JUNLING ZHANG, and GUIVAN LI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MIN ZHANG CHRIST, an individual, and YMG GLOBAL IMMIGRATION CONSULTING GROUP CO. LTD., a foreign company formed under the laws of Hong Kong,<br><br>Defendants. | Case No.  2:25-cv-754<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiffs Zheng Jin, Suhao Zhang, Junling Zhang, and Guiyan Li, on behalf of themselves and all others similarly situated, allege as follows upon personal knowledge as to Plaintiffs' own conduct and experience, and on information and belief as to all other matters based on an investigation by counsel:

### Introduction

1.      This matter involves affinity fraud.  While the facts are complicated, the main issue

in this case is simple and straightforward.  Defendant Min Zhang Christ created a series of companies to perpetrate a fraudulent scheme by which she, with the assistance of Defendant YMG Immigration Group, Ltd. ("YMG"), a so-called "migration agency," obtained more than $100,000,000 from a group of immigrant investors through unlicensed sales of securities, mezzanine financing, and a shell game of various entities.  Each of the Defendants profited at the expense of Plaintiffs, each of whom did not receive what was promised.  The crown jewel property which served as the bait in the scheme has recently been foreclosed and sold at auction, and Plaintiffs and the other immigrant investors have no rights and no ability to recover the money that was stolen from them.

2.      Defendants availed themselves of this opportunity through the EB-5 Immigration Investor Visa Program ("EB-5 Program").  The EB-5 Program's purpose is to enable immigrants to secure permanent residence in the United States in exchange for investing at least $500,000 (now $800,000 - $1,050,000) in a commercial enterprise that uses those exact funds to create or preserve at least 10 American jobs.  Unfortunately, the EB-5 Program was rife with mismanagement, fraud, and disregard for securities laws by lawless product sponsors and foreign migration agents prior to recently enacted reforms on March 15, 2022.  The subject project is no exception.

3.      The main commercial project that made use of the funding obtained through the EB-5 Program is the Southport Office Campus ("Southport Project") in Renton, Washington. The Southport Project is a large commercial development which includes three nine-story office buildings consisting of nearly 730,000 square feet, a 12-story 347-room Hyatt Regency hotel, and 383 apartments.

4.      To obtain funding from the EB-5 Program, Defendant Min Zhang Christ induced

CLASS ACTION COMPLAINT
Page 2 of 28
Case No.

**M**C**G**AVICK
**G**RAVES
A Professional Services Corporation
1102 Broadway, Suite 500 • Tacoma, Washington 98402
Telephone (253) 627-1181 • Fax (253) 627-2247

the creation of a group of entities supposedly under her control collectively called the Seattle Southport Office EB-5 Project ("Southport EB-5"), which included, *inter alia*, Seattle Family, LP; Southport Office EB-5, LP; Southport Hotel EB-5, LP; Southport Hotel EB-5 II, LP; Office at Southport LLC; Office Tech LLC dba Best Seat in the House LLC; and Seattle Family Regional Center ("SFRC"). Defendant Min Zhang Christ is a principal in most of them. Defendant Min Zhang then engaged with Defendant YMG Global Immigration Consulting (Group) Co. Ltd., based in Hong Kong, SAR, Peoples Republic of China, to conduct marketing and sales to attract "sub-agents" and immigrant investors to benefit of the Project – and ultimately herself.

5.      Both of the Defendants entities played a key role in the EB-5 funding process. Defendant YMG had access to billions of dollars of Chinese capital through its relationships with sub-agents and its own clientele. Defendant Min Zhang ultimately authorized the formation of Southport Office EB-5, LP as a special purpose vehicle ("SPV"), which took in loan money from the immigrant investors, including Plaintiffs, and in turn loaned money to the Southport Project. The Plaintiffs and the other immigrant investors purchased equity in the SPV under the assumption that repayment of the loan to the SPV would retire the debt and thus cause their equity to be redeemed. This is a common transaction practice in EB-5 investments.

6.      Defendant Min Zhang, more likely than not upon the advice of legal counsel for Southport EB-5, was told that her receipt of transaction-based compensation was permissible because of her status as an Officer of the SPV under what is called the "issuer's exemption." Defendant Min Zhang was an Officer *in name only* with respect to the SPV at it was actually under the complete control of her husband, Michael Christ. Defendant Min Zhang improperly utilized the "issuer's exemption" order to impermissibly receive transaction-based compensation and to add the cultural affinity required to garner investment from Chinese nationals.

CLASS ACTION COMPLAINT
Page 3 of 28
Case No.

**MCGAVICK GRAVES**
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

7.    Further, Defendant Min Zhang sought and retained the services of Defendant YMG to solicit and place investments into the EB-5 Project, who itself was not registered in any manner with the State of Washington.  Once engaged by Defendant Min Zhang, Defendant YMG was directly receiving transaction-based compensation from sources within the State of Washington with regard to the EB-5 Project.

8.    Thus, Defendant Min Zhang acted as a unregistered broker or dealer as defined in RCW 21.20.005(1) in facilitating and benefiting from transaction-based sales of the EB-5 Project. Transaction-based compensation for the sales of these securities were and may continue to be paid from within the State of Washington.  These transactions were authorized by Defendant Min Zhang, and violate RCW 21.20.040, as she was not registered as a securities salesperson in the State of Washington at the times she received transaction-based compensation.  Likewise, Defendant Min Zhang cannot plausibly claim a safe-harbor under any available issuer exemption because she was an officer of the SPV in name only for the sole purpose of evading registration requirements.

9.    More importantly, these transaction-based commissions were concealed by SFRC and Southport EB-5, more likely than not at the instruction of Defendant Min Zhang.  Forms filed with the SEC to claim Regulation D exemptions do not disclose the payment of any commissions at all, other than a "finders" agreement with an affiliated entity of Defendant Min Zhang. Importantly, even though Southport EB-5 claimed a Rule 506(c) exemption from securities registration, no notice filings were ever made with the Washington State Securities Division to lawfully offer anything.  To the extent that a safe-harbor can be claimed under Rule 506(c), the communications of Defendant Min Zhang made publicly to investors constituted solicitation that is not permitted under its express terms.

CLASS ACTION COMPLAINT
Page 4 of 28
Case No.

**M c G a v i c k**
**G r a v e s**
A Professional Services Corporation
1102 Broadway, Suite 500 • Tacoma, Washington 98402
Telephone (253) 627-1181 • Fax (253) 627-2247

10.   Representations masking the success of Southport EB-5 were made to its investors with Defendant Min Zhang's authorization on Facebook at least through July 2019, thus lulling these investors into inaction as they were unaware of the pending doom of their money being lost forever.  In addition, there were and are numerous instances of wrongful conduct related to the offering itself, namely misrepresentations and omissions in the offering documents and subsequent amendments, which are violative of RCW 21.20.010.

11.   While Defendant Min Zhang will likely blame the failure of the EB-5 Project on COVID-19-related contingencies, such representations would be false.  The offering documents provided to the Plaintiffs, immigrant investors, and others at the point of sale woefully misrepresented the total costs and value of the overall project, tenancy projections, and completion timeline, notwithstanding COVID-19 and its impacts.   This conduct was utterly reckless, if not intentional given its scope.  The purposes of each of these misrepresentations, all of which were communicated to Plaintiffs and other investors by Defendant Min Zhang, was to lure unsuspecting investors seeking a high probability of repayment of their EB-5 investment into a highly risky investment vehicle laden with conflicts of interest, internal control shortcomings, and a lesser likelihood of repayment, if any.

12.   Second, as a threshold matter, the subject property of Southport EB-5 was foreclosed upon and auctioned off last year without any proper notice to the Plaintiffs or immigrant investors so that they could assert equitable liens on the proceeds on the disposition of the property.  This failure of disclosure falls squarely on Defendant Min Zhang, who served as the primary conduit of information to investors by communicating through Defendant YMG. Plaintiffs assert that this lack of communication was intentional in order lull them and other investors into inaction.

**M c G A V I C K**
**G R A V E S**
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

13.    In Spring 2018, Plaintiffs and immigrant investors received emails stating that amendments to the offering documents of Southport EB-5 had been unilaterally made, apparently at the instruction of Defendant Min Zhang.  The ownership of the underlying borrower of the EB-5 loan had been unilaterally changed, and the borrower of the EB-5 loan was instead a newly established company under complete control of Defendant Min Zhang.  Thus, there was no direct lending relationship between the Plaintiffs and immigrant investors on the one hand, and the newly established company on the other hand.  None of the risks of this change were adequately disclosed, including but not limited to (a) the inherent surrender of any derivative rights to seek redress for fraud and misconduct in court; and (b) credit and default risks.

**Parties**

14.    Plaintiff Zheng Jin is an individual EB-5 investor who is a resident of China.

15.    Plaintiff Suhao Zhang is an individual EB-5 investor who is a resident of China.

16.    Plaintiff Junling Zhang is an individual EB-5 investor who is a resident of China.

17.    Plaintiff Guivan Li is an individual EB-5 investor who is a resident of China.

18.    Defendant Min Zhang is a former Chinese national who now resides in Renton, Washington.  At all times relevant to the allegations in this Complaint, Defendant Min Zhang supposedly managed a group of companies for the Seattle Southport Office EB-5 Project.

19.    Defendant YMG is a Hong Kong SAR, Peoples Republic of China corporation. Defendant YMG entered into a placement agent agreement to sell the subject EB-5 investment which was signed by Defendant Min Zhang.   See *Exhibit "1"* annexed hereto.

20.    Defendant Southport Office EB-5, LP is a Washington limited partnership formed in April 2015 with a principal office address of 1133 Lake Washington Blvd N., Suite 90, Renton, Washington 98056, with governors listed as Michael Christ and Defendant Min Zhang. Michael

M c G A V I C K
G R A V E S
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

Christ and Min Zhang are husband and wife.

## Jurisdiction and Venue

21.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). The amount in controversy exceeds the jurisdictional minimum of this Court, exclusive of interest and costs, and Plaintiffs and Defendants are citizens of, and domiciled in, different states.

22.     Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because the vast majority of acts and omissions giving rise to the claims asserted herein occurred and continue to occur in this District, and the property that is the subject of this action is situated here.

## General Allegations

**The EB-5 Program**

23.     To provide an incentive for foreign investment to benefit the American economy by creating or preserving U.S.-based jobs, Congress created the EB-5 Program in 1990 with the enactment of the Immigration Act of 1990. Pub. L. 101-649, 104 Stat. 4978.  The EB-5 Program enabled immigrant investors to become permanent residents of the United States by investing at least $500,000 (subsequently modified by the EB-5 Reform and Integrity Act and now requires $1,050,000. Pub. L. 117-103, 136 Stat. 49) in a U.S. business that will use the funds in a manner that creates or maintains at least 10 full-time American jobs. *See, e.g.*, 8 U.S.C. § 1153(b)(5).

24.     At the outset of the application process, which normally takes two or more years to complete, the EB-5 investor submits a Form I-526 Immigration Petition by Alien Entrepreneur ("I-526 Petition"), which if approved, permits the EB-5 Investor to reside and travel within the U.S. while his or her application is pending.  If the I-526 Petition is approved, the EB-5 Investor may then seek permanent U.S. residency status (and obtain a green card) by submitting a Form I-

**M c G a v i c k**
**G r a v e s**
A Professional Services Corporation
1102 Broadway, Suite 500 • Tacoma, Washington 98402
Telephone (253) 627-1181 • Fax (253) 627-2247

829 Petition by Entrepreneur to Remove Conditions ("I-829 Petition"). If the I-829 Petition is granted, the EB-5 Investor and his or her immediate family members (spouse and unmarried children under age 21) are granted permanent immigrant visas (*i.e.*, green cards).

25.     In 1993, Congress modified the EB-5 Program by adding the Immigrant Investor Pilot Program, which allowed EB-5 Investors to invest in a commercial enterprise associated with a regional center. Regional centers, like the one involved in the present case, are private entities that have received approval from the U.S. Citizenship & Immigration Services ("USCIS") to administer EB-5 investments in a given geographical area, and enable EB-5 Investors to pool their investments in a specific project with other EB-5 Investors, thereby making it easier to demonstrate that a given project has created or preserved at least 10 jobs per investment.

**Funding Southport EB-5**

26.     In November 2013, USCIS approved SFRC as a designated regional center for the King, Snohomish, and Pierce Tri-County geographical area.

27.     To fund Southport EB-5, Defendant Zhang Min and her husband formed a series of Washington limited partnerships, including the Defendant entities, with the purpose of raising up to $123,000,000 through the sale of 246 units of limited partnership interests to EB-5 Investors for $500,000 per unit plus a $50,000 administration fee. Michael Christ in fact ran, managed, and controlled these entities. Defendant Zhang Min was listed as a co-governor with her husband purely for the optics of showing Chinese investors cultural affinity.

28.     In or about November 2013, Defendant Zhang Min began approaching Chinese investors, including Plaintiffs, to participate in the EB-5 Program to raise crucial capital necessary to fund the Southport Project. To facilitate raising the funds, Defendant Min Zhang utilized her extensive network in her native China to attract and meet with investors, including partnering

CLASS ACTION COMPLAINT
Page 8 of 28
Case No.

**M c G A V I C K**
**G R A V E S**
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

with Tencent Holdings Limited, a Chinese investment firm which had ties to other domestic entities formed by Defendant Min Zhang such as the Global Incubation Center at Southport, LLC, and by contracting with Defendant YMG.

29.    Defendant Min Zhang also issued statements via media outlets to lure investors and misled them as to the viability and attractiveness of the Southport Project.  On September 2, 2016, an interview with Defendant Min Zhang was published by Northwest Asian Weekly, in which she touted the "feng shui" of the Southport Project, and why consultants and local partners are key for overseas investors.[1]

30.    In advertising materials circulated by SFRC, prospective EB-5 Investors were told that Southport EB-5 had "well funded [*sic*] construction financing secured" and had a "59% Job Cushion," meaning that more actual jobs would be created by the project than required by the EB-5 Program.

31.    The Private Placement Memorandum and Offering Documents purported that the individual investments would render an interest return of 3.5% per year, and that after five years of borrowing, a refund of $500,000 would be issued to the EB-5 Investor.

32.    Instead, the value of Southport EB-5 was intentionally or recklessly overstated, its construction timeline underestimated and its capital raise insufficient to cover construction costs and fees to placement agents and others such as Defendants, whether such fees were lawful or unlawful to the extent they were disclosed.  The purpose of overvaluing Southport EB-5 was to make it appear large and prosperous to Chinese investors and others in the EB-5 arena, given their proclivity to invest only in large-scale projects.

---

[1] Tim Gruver, *Real estate developer wants to bolster Renton's image*, Northwest Asian Weekly, September 2, 2016, Col 35, No. 36, p.6-7; available at: https://nwasianweekly.com/2016/09/real-estate-developer-wants-to-bolster-rentons-image/

CLASS ACTION COMPLAINT
Page 9 of 28
Case No.

**M c G a v i c k**
**G r a v e s**
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

33.    In justifiable reliance upon these misrepresentations of which they had no reason to suspect, Plaintiffs and other EB-5 Investors paid the required administrative fee of $50,000 along with the individual investment of $500,000 in return for limited partnership interests in the SPV.

34.    For Plaintiffs and other investors, Defendant Min Zhang issued numerous statements on letterhead bearing the words "Seattle Family Regional Center" with an accompanying Mandarin character translation and with the office of SFRC and other contact information in the footer, communicating that the Private Placement Memorandum contained key terms of the loans from the immigrant investors.

35.    For instance, on July 1, 2016, Defendant Min Zhang provided that the loan may be repaid from available cash flow or proceeds of a capital event, and that available cash flow would be used to make quarterly payments to repay principal prior to the occurrence of a capital event, if the capital event did not occur immediately following the Earliest Exit Date of February 2021.

36.    The funds were to be lent to Office at Southport, LLC (the "Borrower") to develop, construct, and operate three 9-story buildings retail spaces, and parking garages located at 1101 Lake Washington Blvd. N., Renton, Washington 98056.

37.    On December 20, 2017, Southport Office EB-5, LP issued a Third Supplement to the Private Placement Memorandum.

38.    According to the Third Supplement to the Private Placement Memorandum, the Borrower sought additional financing to be extended to the Project that was to be senior to the loan extended by the Partnership.

39.    As a condition of the senior financing, the $123,000,000 in EB-5 funds lent to the

**M c G A V I C K**
**G R A V E S**
A Professional Services Corporation
1102 Broadway, Suite 500 • Tacoma, Washington 98402
Telephone (253) 627-1181 • Fax (253) 627-2247

Borrower would be deemed to have been lent to the New Borrower, Southport Office, LLC. The New Borrower would own 100% of the membership interests in the newly formed entity, Office Tech, LLC, a Delaware limited liability company and the Mezzanine Borrower.

40.    On March 8, 2018, the Borrower borrowed $215,000,000.00 from ACREFI Mortgage Lending, LLC ("ACREFI"), secured by, among other things, a first priority Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated March 8, 2018.

41.    Also on March 8, 2018, Office Tech LLC entered into a First Amended and Restated Mezzanine Loan and Security Agreement with ACREFI, for a loan in the maximum principal amount of up to $50,000,000.00.

42.    The change in borrower occurred after Plaintiffs invested in Southport Office EB-5, LP.  Problematically, Office Tech, LLC lists as its sole member an entity called Seco Development, Inc., and has a principal office address of 1133 Lake Washington Blvd N., Suite 90, Renton, Washington 98056, which is the same principal office address of Southport EB-5.  In turn, Seco Development, Inc. lists a single governor: Michael Christ.  Its principal office address is 1133 Lake Washington Blvd N., Suite 90, Renton, Washington 98056.

43.    Accordingly, by March 2018, the loan risk had sharply increased to Plaintiffs and thus to other EB-5 Investors, as no direct lending relationship existed.  But that risk was not disclosed to Plaintiffs or others, and intentionally so.  Defendant Min Zhang had anticipated this development and had prospectively promulgated a convoluted "Explanation of the Refund Policy" to prospective investors at the time of issuing the PPM and other Offering Documents, wherein she proclaimed in an *ultra vires* manner that any request to withdraw funds from the Southport Project without good cause, as determined by Defendant Min Zhang in *her* sole

M C G A V I C K
G R A V E S
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

discretion, would be refused.  The problem was, of course, that Defendant Min Zhang had no discretion to do anything of the sort other than to continue to lull, lure, and fleece investors such as Plaintiffs.

44.    To illustrate the tenuous connection between Plaintiffs and the other immigrant investors and the Southport Project, on April 2, 2018, Defendant Min Zhang provided an "Investor Update" in both English and Mandarin that two supplements to the PPM had been prepared, and that a senior mortgage loan of $215 million and a senior mezzanine loan of $50 million had been secured, and that to secure those loans, the original EB-5 loan borrower with whom the Plaintiffs and other EB-5 immigrant investors had dealt (Southport Office EB-5, LP), needed to be reorganized and the EB-5 loan was assumed by an affiliate entity (Southport Office, LLC) which in turn had an additional entity serving as an intermediary (Office Tech, LLC).  All of the new entities were supposedly created and controlled by Defendant Min Zhang.  Rather than a direct line from Southport Office EB-5, LP (red box) to the borrower Office at Southport, LLC (orange box) as originally contemplated and disclosed in the Offering Documents, there is now a matryoshka doll nesting of limited liability entities between them:



McGAVICK
GRAVES
A Professional Services Corporation
1102 Broadway, Suite 500 • Tacoma, Washington 98402
Telephone (253) 627-1181 • Fax (253) 627-2247

45.     In March 2023, Plaintiffs and EB-5 Investors received a notification email from SRFC that the investment funds were not able to be repaid as the loan to Office Tech LLC needed to be serviced with those funds.  All of this occurred despite being two years after the Earliest Exit Date, and with no concrete plan in place to provide for a return of the investments as provided in the Offering Documents.

## Veil-Piercing Allegations

46.     Since at least March 2018, Defendant Min Zhang controlled and continues to control the various entities used in this complex fraudulent scheme.  Defendant Min Zhang has since used her status to dominate and control the entities within Southport EB-5 and SFRC to such an extent that these entities' independent existence was in fact non-existent and Defendant Min Zhang is in fact their alter ego.  Defendant Min Zhang used these entities' limited liability status for fraudulent and other improper purposes in which she unlawfully benefitted and which caused injury to the Plaintiffs and EB-5 Investors.  And of course, Defendant Min Zhang wrongfully claimed herself to be an officer of the SPV so that she could avoid registration as a broker or dealer under Washington's securities laws and receive transaction-based compensation for the placement of investors either directly or with the assistance of YMG.

## Derivative Action Allegations

47.     Plaintiffs bring this action derivatively on behalf of the limited partnership in which they purchased limited partnership interests pursuant to Fed. R. Civ. P. 23.1 and RCW 25.10.706, to enforce the claims for relief set forth below against each Defendant.

48.     Plaintiffs continue to be limited partners in the SPV, and therefore retain standing to pursue this derivative action for damages and other relief, which is necessary and proper to protect its interests.

M c G A V I C K
G R A V E S
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

49.     If Plaintiffs are successful in this action, the recovery will be of substantial benefit to the partnership and its limited partners, each of whom were members during all relevant times and continue to be limited partners.

**Demand Futility**

50.     Some Plaintiffs have made a demand that Defendant Min Zhang take action to remedy the harm Plaintiffs have alleged.  Defendant Min Zhang has refused such demands, and further or separate demands would be futile for several reasons, including but not limited to the following:

51.     First, Defendant Min Zhang faces a substantial likelihood of liability in connection with her role in fraudulently concealing material facts from Plaintiffs and EB-5 Investors, engaging in fraudulent conveyances, grossly mismanaging the Defendant entities, breaching her fiduciary duties to the Defendant entities and Plaintiffs and EB-5 Investors, and violating Washington law and securities regulations to effectuate a fraudulent scheme that harmed the Defendant entities, Plaintiffs, and EB-5 Investors.

52.     Second, Defendant Min Zhang's conduct, as alleged herein, deprived her of the requisite independence and valid business judgment needed to properly assess any demand that the general partner take action to remedy alleged harm to the partnership.

53.     Third, Defendant Min Zhang created and/or controlled each of the other entities that now comprise Southport EB-5 and SFRC, as well as the entities who now hold the loans of Plaintiffs and EB-5 Investors, who have also participated in the unlawful, unfair, and fraudulent conduct alleged herein, and are subject to personal liability for her actions in connection with that conduct.  These facts also negate the presumption that Defendant Min Zhang could have considered a pre-suit demand in an objective, disinterested manner.

**M**c**G**AVICK
**G**RAVES
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

**Class Allegations**

54.    Plaintiffs bring this suit as a Class action on behalf of themselves and all other persons similarly situated pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

55.    The Class is defined as follows: all persons who invested in the Southport EB-5 Program whose funds ultimately were received by either one of the Defendants or both of them. Excluded from this Class are Defendants, their affiliates, subsidiaries, agents, board members, directors, officers, and employees; the Court and its staff; and any limited partner who has entered into an enforceable agreement with Defendants to settle or otherwise resolve their claims against Defendants.

56.    Plaintiffs reserve the right to modify or amend the definitions of the proposed Class before the Court determines whether class certification is appropriate.

57.    The Class satisfies the requirements of Rule 23(a) and (b)(3).

58.    *Number.*  The Class consists of approximately 246 geographically dispersed individual limited partners.  Joinder of the Class members is not practicable.  The disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and will conserve judicial resources.

59.    *Ascertainable.*  The individual Class members are ascertainable, as the names and addresses of all Class members can be identified in the business records maintained by Southport EB-5 and YMG.  Notice of this action can thus be provided to all members of the proposed Class.

60.    *Typical.*  Plaintiffs were investors in Southport EB-5 at the time of the wrongdoing alleged herein.  Plaintiffs' claims are typical of the claims of all Class members as all Class members are similarly affected by Defendants' wrongful conduct as complained of herein.

61.    *Adequate.*  Plaintiffs are committed to prosecuting the action, will fairly and

CLASS ACTION COMPLAINT
Page 15 of 28
Case No.

**M c G A V I C K**
**G R A V E S**
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

adequately protect the interests of the members of the Class, and have retained counsel competent and experienced in class-action litigation, including litigation relating to EB-5 investment fraud. Plaintiffs have no interests antagonistic or in conflict with other members of the Class.

62.   *Commonality and Predominance.*  Common questions of law and fact exist as to all members of the proposed Class and predominate over any questions solely affecting individual members of the proposed Class.  The questions of law and fact common to the Class include, but are not limited to, the following:

a.   Whether Defendant Min Zhang breached her fiduciary duties to the proposed Class; and

b.   Whether Defendants engaged in fraud, fraudulent conveyances, and the unlicensed sales of securities under Washington law which otherwise required registration.

63.   The Class may be certified under Rule 23(b)(3).  Questions of law and fact predominate over any questions affecting only individual members.  Class treatment of such common questions of law and fact is a superior method compared to piecemeal litigation because class treatment will conserve the resources of the courts and will promote efficiency of adjudication.  Class treatment will also avoid the substantial risk of inconsistent factual and legal determinations on the issues in this lawsuit.  There will be no unusual difficulty in the management of this action as a Class action.

**Claims for Relief**

**Count I**
**Declaratory Relief**

64.   Plaintiffs reallege and incorporate by reference the allegations set forth in each of

CLASS ACTION COMPLAINT
Page 16 of 28
Case No.

**M C G A V I C K
G R A V E S**
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

the preceding paragraphs of this Complaint.

65.     This claim for relief is brought on behalf of Plaintiffs individually and on behalf of the proposed Class and derivatively on behalf of Southport EB-5 pursuant to Fed. R. Civ. P. 57 for the purpose of obtaining a judicial declaration of the parties' respective rights and duties.

66.     Among the unfair, fraudulent, and unlawful conduct Plaintiffs have alleged in this Complaint are (a) Defendants' improper and fraudulent conveyance of property, namely EB-5 investment funds; (b) unlicensed sales or offers for sale of securities; and (c) breaches of fiduciary duties and the implied covenant of good faith and fair dealing.  As a result of Defendants' conduct, the agreements between Plaintiffs and purported Class members and the Defendants are void as a matter of law.

67.     Plaintiffs are informed and believe that Defendants will dispute these allegations. Therefore, an actual controversy has arisen and now exists between Plaintiffs and Defendants. Accordingly, Plaintiffs hereby request a judicial declaration of the rights and duties of the parties with respect to each of the foregoing issues in controversy.

## Count II
## Securities Fraud Under Washington State Law
## (Against all Defendants)

68.     Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

69.     RCW 21.20.010 prevents the unlawful offers, sales, and purchases of securities. To wit:

It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly:

(1) To employ any device, scheme, or artifice to defraud;
(2) To make any untrue statement of a material fact or to omit to state a material

CLASS ACTION COMPLAINT
Page 17 of 28
Case No.

**M c G a v i c k**
**G r a v e s**
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or

(3) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

70.    The equity interests in the SPV sold to Plaintiffs and other EB-5 Investors are securities as defined in RCW 21.20.005(17)(a).

71.    Defendants provided to Plaintiffs, or caused to be provided, Offering Documents, including a Private Placement Memorandum, which contained a number of material misrepresentations and omissions about the Southport EB-5 Project.

72.    Defendants used means or instrumentalities of interstate commerce, or the mails, to make these misstatements to Plaintiffs and other limited partners.

73.    Defendants actively misrepresented, concealed, and/or failed to disclose the nature, extent, and use of funds loaned by Plaintiffs and other limited partners.  Defendants knew these representations were false when they were made, concealed their actions after the fact, and failed to disclose material facts as they arose which could have corrected the misrepresentations. Defendants continued to make misrepresentations or omitted material information in order to prevent redemption requests from Plaintiffs and other EB-5 Investors.

74.    Defendants concealed from Plaintiffs the plan to withdraw funds from the Southport EB-5 Project, replace the funds with senior mezzanine loans, and subordinate the SPV. Defendants' active misrepresentations and concealment of facts is evidenced by their continued lies and obfuscation as to books and records, which limited partners are entitled to inspect.

75.    Defendants' misrepresentations induced Plaintiffs and other EB-5 Investors to invest in Southport EB-5.

76.    Plaintiffs and other EB-5 Investors did not know Defendants' true intent.

CLASS ACTION COMPLAINT
Page 18 of 28
Case No.

**M c G a v i c k**
**G r a v e s**
A Professional Services Corporation
1102 Broadway, Suite 500 • Tacoma, Washington 98402
Telephone (253) 627-1181 • Fax (253) 627-2247

Plaintiffs and other EB-5 Investors reasonably relied on Defendants' false statements and omissions, and invested significant sums in the Southport EB-5 Project by paying $500,000 in capital contributions and $50,000 for administrative fees.

77. Defendants' material misrepresentations and omissions proximately caused Plaintiffs' injuries and losses because Plaintiffs would not have invested in the Project but for these material misrepresentations and omissions.

78. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged in an amount in excess of $550,000 for each Plaintiff, plus interest, attorneys' fees, and costs, and any other relief provided by law.

**Count III**
**Violation of Section 29(b) of Securities Exchange Act of 1934**
**(Against All Defendants)**

79. Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

80. Section 29(b) of the Securities Exchange Act of 1934 ("1934 Act") provides Plaintiffs with a private right of action for violations arising from contracts with unregistered brokers and dealers who operate in violation of securities laws.

81. The Agreement signed by Defendant Min Zhang with Defendant YMG was a contract that violated securities laws. Defendant Min Zhang was an unregistered broker or dealer under the securities laws of the State of Washington, and Defendant YMG impermissibly received transaction-based compensation as a "seller" in violation of the securities laws of the State of Washington and Section 15(a) of the 1934 Act.

82. Plaintiffs have discovered the existence of the agreement in question and its violative conduct within applicable statutes of limitation of the State of Washington.

**M c G A V I C K**
**G R A V E S**
**A Professional Services Corporation**
**1102 Broadway, Suite 500 ● Tacoma, Washington 98402**
**Telephone (253) 627-1181 ● Fax (253) 627-2247**

83.    As such, the contract between Defendants violates Section 29(b) of the 1934 Act. Plaintiffs are entitled to the remedy of the return of all funds received by Defendants under their clandestine contract.

## Count IV
## Constructive/Actual Fraudulent Conveyances
## (Against Defendant Min Zhang)

84.    Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

85.    Defendant Ming Zhang engaged in transactions with YMC and other entities she controlled, to effectuate transfers of Plaintiffs' and other EB-5 Investors' funds.   These transactions resulted in Ming Zhang effectively holding senior loan priority over the funds and placing the funds beyond the reach of Plaintiffs and other EB-5 Investors, and which has prejudiced their legal and equitable rights to the funds.   These transactions also prejudiced Plaintiffs' and other EB-5 Investors legal and equitable rights vis-à-vis the EB-5 Program.

86.    Likewise, Defendant YMG wrongfully obtained placement agent fees for each and every investor it solicited and for which it received from "sub-agents" it recruited.   Defendant YMG's receipt of such funds, while appearing lawful at first glance, are constructive fraudulent conveyances under Washington law and must be returned to Plaintiffs and other investors.

## Count V
## Breach of Fiduciary Duty
## (Against Defendant Min Zhang)

87.    Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

88.    This claim for relief is based on Defendant Min Zhang's breach of fiduciary duties of loyalty and care to Southport EB-5 and to Plaintiffs and members of the proposed Class as

M c G A V I C K
G R A V E S
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

limited partners.

89.    Defendant Min Zhang is a fiduciary of Southport EB-5, and as such she owes a duty to conduct the business of those entities loyally and faithfully, and to avoid secret profits, self-dealing, and conflicts of interest.  She also owes a duty to carry out the activities of the partnership carefully, diligently, and prudently, which includes refraining from grossly negligent or reckless conduct, intentional misconduct, or knowing violations of the law.  There are no enforceable waivers of this fiduciary duty contained in any documents provided to Plaintiffs or other investors.

90.    Defendant Min Zhang possessed special knowledge about the Project, its viability and her masquerade as an officer, thus rendering her a fiduciary with respect to Plaintiffs and others she caused to invest in the Project, either directly or through Defendant YMG.  In blatant disregard for her fiduciary duties to the partnership and the limited partners, Defendant Min Zhang exploited her dominion and authority to fraudulently convey property and engage in the unlicensed sale or offer for sale of securities.  Defendant Min Zhang also breached her duties by unilaterally amending the Offering Documents and Private Placement Memorandum without consent or approval from any of the limited partners.  Once the corporate reorganization of the Project occurred, Defendant Min Zhang breached her fiduciary duties and the implied covenant of good faith and fair dealing by obtaining, concealing, and failing to disclose the existence of additional encumbrances which contributed to the default and insolvency of Southport EB-5 and the foreclosure and auction of the Southport Office Campus.

91.    Such conduct and inaction contravened Defendant Min Zhang's duty to promote the interests of Southport EB-5 and the limited partners and cannot be construed at all as a good faith exercise of disinterested business judgment.

CLASS ACTION COMPLAINT
Page 21 of 28
Case No.

**M c G a v i c k**
**G r a v e s**
A Professional Services Corporation
1102 Broadway, Suite 500 • Tacoma, Washington 98402
Telephone (253) 627-1181 • Fax (253) 627-2247

92.    As a direct and proximate result of Defendant Min Zhang's conduct, Southport EB-5 and the limited partners have been damaged in amounts that will be proved at trial.

93.    In conducting herself as alleged herein, Defendant Min Zhang acted egregiously and reprehensibly, in blatant violation of the law and public policy.  Moreover, Defendant Min Zhang acted willfully, with the intent to vex and injure Southport EB-5, Plaintiffs, and the proposed Class, with a conscious disregard of their rights which entitles the Plaintiffs and members of the proposed Class to an award of punitive and exemplary damages.

### Count VI
### Aiding and Abetting Breach of Fiduciary Duty
### (Against Defendant YMG)

94.    Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

95.    Defendant Min Zhang breached her fiduciary duties to Plaintiffs.

96.    Defendant Min Zhang, as an active wrongdoer, had full knowledge of the ongoing breaches of fiduciary duties.

97.    Each of the Plaintiffs was solicited by Defendant YMG to invest in the SPV.

98.    Defendant YMG, as the amplifier and conduit for communications of Defendant Min Zhang, significantly aided her breaches of fiduciary duties in their communications with Plaintiffs and other investors.  Defendant YMG, given its unfettered access to Min Zhang, possessed special knowledge concerning the Southport EB-5 project but concealed it at the instruction of Defendant Min Zhang.

99.    As a direct and proximate result of Defendant YMG's conduct, Plaintiffs have been harmed by the Defendant's aiding and abetting breach of fiduciary duties in an amount to be determined at trial, but in no event less than $550,000 to each Plaintiff.

CLASS ACTION COMPLAINT
Page 22 of 28
Case No.

M c G A V I C K
G R A V E S
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

100.    In conducting themselves as alleged herein, each of the Defendants acted egregiously and reprehensibly, in blatant violation of the law and public policy.  Moreover, Defendants acted willfully, with the intent to vex and injure Southport EB-5, Plaintiffs, and the proposed Class, with a conscious disregard of their rights which entitles the Plaintiffs and members of the proposed Class to an award of punitive and exemplary damages.

101.    In addition to any and all compensatory damages that Plaintiffs are and may be entitled to, Plaintiffs also seek an accounting of the assets of Southport Office EB-5, LP, an accounting of the funds used by Defendants concerning the Southport EB-5 Project, a constructive trust as appropriate, and disgorgement of any and all profits obtained by Defendants that were the result of the aforementioned breaches of fiduciary duties by Defendants.

**Count VII**
**Conversion**
**(Against Defendant Min Zhang)**

102.    Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

103.    This claim for relief is brought on behalf of Plaintiffs and the proposed Class against Defendant Min Zhang.

104.    Defendant Min Zhang has engaged in acts of dominion wrongfully asserted over the property of the limited partners, namely the investment funds deposited for the purpose of funding the EB-5 Project, in a manner inconsistent with their ownership of that property. Defendant's conduct, as alleged herein, permanently impaired the value of Plaintiffs' investments permanently and for an indefinite period of time.

105.    As a proximate cause of Defendant's unlawful conduct, Plaintiffs and the proposed Class have each been damaged by the deprivation of their property, which amounts to $500,000

CLASS ACTION COMPLAINT
Page 23 of 28
Case No.

**M c G a v i c k**
**G r a v e s**
**A Professional Services Corporation**
**1102 Broadway, Suite 500 ● Tacoma, Washington 98402**
**Telephone (253) 627-1181 ● Fax (253) 627-2247**

of investment funds, $50,000 of administrative fees, plus applicable interest.

## Count VIII
### Breach of the Covenant of Good Faith and Fair Dealing
### (Against all Defendants)

106.    Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

107.    Plaintiffs entered into a limited partnership when they invested $500,000 plus $50,000 in administrative fees in the SPV that was caused to be formed by Defendant Min Zhang. Defendant YMG willingly and recklessly amplified and echoed communications of Defendant Min Zhang to Plaintiffs and other investors without regard to their falsity in order to continue to be paid to find more investors in China for Southport EB-5. That of course would mean Defendants would be able collect more ill-gotten gains.    Both Defendants parroted representations of Defendant Min Zhang's supposed control over the destiny of the Project and investor funds when in fact she was merely an officer in name only before the Project was reorganized.

108.    Plaintiffs and other EB-5 Investors did all, or substantially all, of the things that the limited partnership agreement, or Private Placement Memorandum ("PPM"), required them to do.

109.    All conditions precedent to performance occurred when the Plaintiffs and other EB-5 Investors made their $550,000 payments and complied with all that was required of them in connection with the I-526 and I-829 Petitions.

110.    The payments made were for "loan to equity" investments.  That is, the SPV supposedly controlled by Defendant Min Zhang (but actually was not) was to loan money to the Southport Project itself.  Any idea that Defendant Min Zhang could ostensibly loan money to a

M C G A V I C K
G R A V E S
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

development project other than one operated by her husband strains credulity. Plaintiffs and other investors purchased equity in the SPV under the assumption that repayment of the loan to the SPV would retire the debt and thus cause their equity to be redeemed. This is a common transaction practice in EB-5 investments.

111.    The PPM provided that the return on the investment would be 3.5% per annum and be repaid in full in five years.

112.    Instead, Defendant Min Zhang switched course shortly after funds were gathered from Plaintiffs and others. That is, Defendant Min Zhang induced and ultimately caused her husband, Michael Crist, to create a mezzanine financing scheme whereby different entities, controlled by her, accepted a preferred equity interest in the SPV. This scheme was undertaken by Defendant Min Zhang for the purpose of lulling investors into inaction, given that her affinity with Chinese nationals who had invested was leveraged to gain their trust. This left Plaintiffs and other EB-5 Investors with no rights vis-à-vis the Southport EB-5 Project except through the mezzanine borrower in which Defendant Min Zhang was an officer in name only.

113.    As a direct and proximate result of these breaches of the covenant of good faith and fair dealing, Plaintiffs and other EB-5 Investors have been damaged in an amount to be proved at trial.

**Count IX**
**Accounting**
**(Against Defendant Southport Office EB-5, LP)**

114.    Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

115.    Plaintiffs seek an equitable accounting of the accounts, assets, and liabilities of Southport Office EB-5, LP.

M C G A V I C K
G R A V E S
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

116.    The Southport Office EB-5, LP, acting through Defendant Min Zhang as the principal, have engaged in self-dealing and have mismanaged the business and affairs of the partnership in the manner alleged herein, thereby placing the partnership's assets at undue risk.

117.    Plaintiffs do not have an adequate remedy at law because Defendant Min Zhang has control over the accounts, records, and assets of the partnership.

## Count X
## Violation of Consumer Protection Act
## (Against all Defendants)

118.    Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

119.    Each of the Plaintiffs, all being natural persons, paid a $500,000 loan to equity investment and a $50,000 administration fee for their investments.

120.    Plaintiffs' money to be ultimately utilized to obtain immigration benefits came from their personal funds.   Plaintiffs were protected consumers as per Washington's Consumer Protection Act.

121.    Plaintiffs made their investments with their I-526 and I-829 Petitions under the EB-5 Program upon the solicitation of either one or both Defendants.

122.    Defendants were engaged in the conduct of trade or commerce when they solicited each of Plaintiffs' investments, and that of other investors, in the Southport EB-5 Project and caused and induced, through their misrepresentations, omissions, fraud, and other reprehensible misconduct described herein, those investors (including Plaintiffs) to invest their personal funds into the Southport EB-5 Project.

123.    Defendants' misconduct, as described herein, undermined Plaintiffs' purpose for investing their personal funds into the SPV, and has negatively impacted the repayment of their

**M c G a v i c k
G r a v e s**
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

investment of personal funds in accordance with the EB-5 Program.

124.    Defendants created or circulated, or caused to create or circulate, the Offering Documents, including a PPM, to Plaintiffs and other EB-5 Investors with the intent to induce them to invest.

125.    Defendants' actions described herein constitute deceptive acts or practices, and a violation of RCW § 19.86.020.

126.    Defendants circulated the Offering Documents to the public, and therefore their deceptive acts impact the public interest.

127.    As a direct and proximate result of Defendants' deceptive acts, Plaintiffs have been damaged in an amount in excess of $550,000 each, including interest, attorneys' fees, and costs.

128.    Under RCW §19.86.090, Plaintiffs are entitled to treble damages, plus reasonable attorneys' fees together with costs of suit.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, on behalf of themselves and all similarly situated individuals, and derivatively on behalf of Southport Office EB-5, LP, demand judgment against Defendants as follows:

A.    Declaring this action to be a proper class action maintainable pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and (3), and to be a proper derivative action maintainable pursuant to Fed. R. Civ. P. 23.1 and declaring Plaintiffs and their counsel to be representatives of the proposed class;

B.    Declaring that all agreements between Defendants and Plaintiffs are void as a matter of law, granting rescission as an appropriate remedy, to include return of the investments and administrative fees to Plaintiffs along with pre- and post-judgment interest;

**M C G A V I C K**
**G R A V E S**
A Professional Services Corporation
1102 Broadway, Suite 500 ● Tacoma, Washington 98402
Telephone (253) 627-1181 ● Fax (253) 627-2247

C.      Awarding compensatory and punitive damages for Defendants' fraud in connection with the EB-5 Program;

D.      Awarding compensatory damages for Defendants' breaches of fiduciary duty;

E.      Awarding compensatory damages for Defendants' aiding and abetting breaches of fiduciary duty;

F.      Awarding compensatory damages for Defendants' breaches of the covenant of good faith and fair dealing;

G.      Awarding compensatory damages for Defendants' conversion of Plaintiffs' property;

H.      Awarding treble compensatory damages and attorneys' fees for Defendants' unfair or deceptive acts or practices in the conduct of trade or commerce;

I.      An accounting of the Southport Office EB-5, LP's assets;

J.      Awarding pre- and post-judgment interest at the maximum rate allowable by law; and

K.      Awarding such other and further relief as the Court deems just, proper, and equitable.

Dated this 24th day of April 2025.

McGAVICK GRAVES, P.S.


By: /s/ *Lori M. Bemis*
      Lori M. Bemis, WSBA #32921
      Email: lmb@mcgavick.com
      1102 Broadway, Suite 500
      Tacoma, WA 98402
      Phone: (253) 627-1181
      Fax: (253) 627-2247
      *Attorneys for Plaintiffs*

LAW OFFICES OF ROBERT V. CORNISH, JR., PC

By: /s/ *Robert V. Cornish, Jr.*
    Robert V. Cornish, Jr., Wyoming Bar No. 6-3898
    Email: rcornish@rcornishlaw.com
    680 South Cache Street, Suite 100
    PO Box 12200
    Jackson, WY 83001
    Phone: (307) 264-0535
    Fax: (571) 290-6052
    *Attorneys for Plaintiffs*
    *Pro Hac Vice Pending*

CLASS ACTION COMPLAINT
Page 29 of 28
Case No.

**M c G a v i c k**
**G r a v e s**

A Professional Services Corporation

1102 Broadway, Suite 500 ● Tacoma, Washington 98402

Telephone (253) 627-1181 ● Fax (253) 627-2247