HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZHENG JIN, et al.,

Plaintiffs,

v.

MIN ZHANG CHRIST, et al.,

Defendants.

Case No. 25-cv-00754-RAJ

ORDER

## I. INTRODUCTION

This MATTER comes before the Court on Defendants Min Zhang Christ's and YMG Global Immigration Consulting Group Co. Ltd.'s ("YMG") motions to dismiss the amended complaint (the "Motions"). Dkt. Nos. 27–28.[1] The Court has reviewed the

[1] On March 27, 2026, YMG individually filed a motion to dismiss Plaintiffs' amended complaint. Dkt. No. 27, at 1. That same day, Min Zhang Christ filed a notice of joinder informing the Court that she "joins in and adopts [YMG's] Motion to Dismiss to the extent the arguments therein apply to her." Dkt. No. 28. Min Zhang Christ adds that she "respectfully requests that the Court grant the Motion to Dismiss for the reasons set forth in YMG's motion and any supporting materials." *Id.*

"[T]he Ninth Circuit has instructed that pro se litigants are to be provided with certain leniencies not provided to other litigants. This lenience extends to 'compliance with the technical rules of civil procedure.'" *Atkins v. Todd Pac. Shipyards, Inc.*, No. 06-cv-00883, 2007 WL 9775492, at *2 (W.D. Wash. Sep. 10, 2007) (quoting *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)). Although not styled as a motion, the Court interprets the notice of joinder as Min Zhang Christ's intention to move to dismiss the complaint based on her inclusion of arguments for her dismissal from this action. *See* Dkt. No. 28. Therefore, the Court construes Min Zhang Christ's notice of joinder as her separate motion to dismiss, which adopts the same bases for dismissal as YMG's motion to dismiss. *See Albustani v. Alger*, No. 22-cv-05238, 2022 WL

amended complaint and its attachments, the Motions, the submissions in support of and in opposition to the Motions, and the balance of the record. For the reasons stated below, the Court **GRANTS** Defendants' Motions. The Court **GRANTS** Plaintiffs leave to amend the amended complaint in accordance with this Order. The Court also **DENIES AS MOOT** Plaintiffs' motion for leave for alternative service of the amended complaint.

## II. BACKGROUND

Plaintiffs Zheng Jin, Suhao Zhang, Junling Zhang, and Guiyan Li's amended complaint alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") and of several Washington State laws and requests declaratory relief. Defendants are Min Zhang Christ, YMG, Shanghai Exit-Enty Service Center Ltd. ("SEE"), Yingen Financial Consulting (Shanghai) Co. Ltd. ("Yingen"), Xincai Hou, and Jiemen Wang. *See generally* Dkt. No. 24.

The EB-5 Immigration Investor Visa Program ("EB-5 Program") is a federal program that incentivizes foreign investment into the United States by enabling immigrant investors to become permanent residents of the United States in exchange for investments into American businesses that create or maintain American jobs. *Id.* ¶¶ 2, 33. The EB-5 Program's Immigrant Investor Pilot Program allows EB-5 investors to invest in commercial enterprises that are associated with a regional center. *Id.* ¶ 35. Regional centers are private entities that have received federal government approval to pool EB-5 investors' funds into specific projects within a geographical area. *Id.*

Plaintiffs all reside in China and are EB-5 investors. *Id.* ¶¶ 16–19. Min Zhang Christ is a former Chinese national who resides in Renton, Washington. *Id.* ¶ 20. Min Zhang Christ's husband is Michael Christ, a nonparty to this action who participated in Defendants' conduct. *Id.* ¶¶ 20, 37. YMG was a Hong Kong corporation with its principal place of business in Hong Kong. *Id.* ¶ 21; Dkt. No. 24-1, at 2. YMG deregistered after the

---

3213331, at *2 (W.D. Wash. Aug. 9, 2022) (construing pro se defendant's one-page letter requesting dismissal from the action, which included defendant's denial of allegations in complaint, as defendant's motion to dismiss).

events alleged in the amended complaint and is no longer operating. Dkt. No. 24 ¶¶ 21–22.

SEE is a Chinese corporation with its principal place of business in Shanghai, China. *Id.* ¶ 24. SEE is an immigration consulting and investment intermediary that markets EB-5 Program investment opportunities to Chinese nationals seeking to immigrate to the United States. *Id.* Hou resides in Shanghai, China, and was a principal, officer, and/or control person of YMG. *Id.* ¶ 23. Hou exercised direct and indirect control over YMG's marketing activities, recruitment of sub-agents, and receipt of transaction-based compensation. *Id.* Yingen is a Chinese company with registered and communication addresses located in Shanghai, China. *Id.* ¶ 27; Dkt. No. 24-8, at 2. Wang resides in Shanghai, China, and serves as the legal representative, chairman, general manager, actual controlling person, and ultimate beneficial owner of SEE with an approximate 47.5% equity interest. Dkt. No. 24 ¶ 28. Wang is also the actual controlling person and principal shareholder of Yingen with an approximate 37.8% equity interest. *Id.*

Defendants started the Southport Office Campus ("Southport Project") in Renton, Washington, which is a commercial project to develop office buildings, a hotel, and apartments. *Id.* ¶ 3. Michael Christ created a series of entities to raise $123 million from the EB-5 Program for the Southport Project; these entities include Seattle Family, LP and Southport Office EB-5, LP. *Id.* ¶¶ 4, 37. Seattle Family, LP is the general partner of Southport Office EB-5, LP. Dkt. No. 24-1, at 2.

In November 2013, the federal government approved the Southport Project's regional center. Dkt. No. 24 ¶ 36. That same month, Defendants began to market the Southport Project to and solicit investments from Chinese investors, including Plaintiffs. *Id.* ¶¶ 38, 56–64. Min Zhang Christ and YMG collaborated together, and with other Defendants, in some of these efforts. *Id.* During these efforts, Min Zhang Christ and entities involved in the Southport Project made misrepresentations about the Southport

Project. *Id.* ¶¶ 11–12, 39–41, 44–45. Plaintiffs and other EB-5 investors relied on these misrepresentations and invested in the Southport Project by buying limited partnership interests in Southport Office EB-5, LP. *Id.* ¶¶ 5–6, 43.

Min Zhang Christ was a nominal officer in several of the entities involved in the Southport Project. *Id.* ¶¶ 4, 9. Min Zhang Christ used her positions to receive transaction-based compensation in connection with investments in the Southport Project, despite her failure to register with the State of Washington as a broker or dealer. *Id.* ¶¶ 9, 65.

Several offering documents, including a private placement memorandum, explained the terms for investments in the Southport Project. *Id.* ¶ 41. The funds invested in Southport Office EB-5, LP were loaned to a specific entity (Office at Southport, LLC) to develop the Southport Project. *Id.* ¶¶ 41, 44, 46. On December 20, 2017, Southport Office EB-5, LP unilaterally amended the private placement memorandum to change the terms of the initial loan so that Southport Office EB-5, LP could borrow additional funds from new lenders. *Id.* ¶¶ 47–51.

By March 2018, this amendment had caused Southport Office EB-5, LP to borrow new loans that were senior to the initial loan and that disrupted the direct lending relationship that Plaintiffs and other EB-5 investors had with the Southport Project, which created increased loan risk for Plaintiffs and other investors. *Id.* ¶¶ 14, 53–54. Plaintiffs and other EB-5 investors did not receive notification of this amendment until spring 2018, despite their loss of derivative rights and their increased exposure to credit and default risk. *Id.* In March 2023, Plaintiffs and other EB-5 investors received a notification that their investments would not be repaid because funds were needed to service Southport Office EB-5, LP's new debt. *Id.* ¶ 55. There was no plan to provide a return for Plaintiffs' and other investors' investments as provided in the offering documents. *Id.*

In 2025, the Southport Project's property had been foreclosed upon. *Id.* ¶ 13. Neither Plaintiffs nor other EB-5 investors received proper notice of the foreclosure,

which prevented them from asserting equitable liens on the proceeds of the disposition of the property. *Id.* This failure to notify Plaintiffs and other investors was an intentional failure by Min Zhang Christ. *Id.* Some Plaintiffs demanded that Min Zhang Christ remedy the harm to Plaintiffs, but she has refused such demands. *Id.* ¶ 71.

On April 24, 2025, Plaintiffs commenced this action by filing a complaint against Defendants in this Court. Dkt. No. 1. On July 7, 2025, Plaintiffs served YMG. Dkt. No. 5. On August 13, 2025, Plaintiffs requested entry of a default against YMG. Dkt. Nos. 6–7. On August 14, 2025, the Clerk of Court filed an entry of default as to YMG. Dkt. No. 10. On September 22, 2025, Plaintiffs moved for leave for U.S. Marshals to serve Min Zhang Christ. Dkt. Nos. 11–12.

On November 5, 2025, Plaintiffs moved for default judgment against YMG. Dkt. No. 13. On November 14, 2025, counsel for YMG filed a notice of appearance. Dkt. No. 17. On November 18, 2025, the Court granted Plaintiffs' motion for service by U.S. Marshals. Dkt. No. 18. On December 19, 2025, Plaintiffs informed the Court that they had received Min Zhang Christ's answer to the complaint. Dkt. No. 19. That same day, the parties stipulated to withdrawal of Plaintiffs' motion for default judgment, vacating the Clerk of Court's entry of default as to YMG, and granting Plaintiffs leave to amend their complaint; the Court granted the parties' stipulated motion on December 29, 2025. Dkt. Nos. 20–21.

On March 6, 2026, Plaintiffs filed their amended complaint. Dkt. No. 24. Plaintiffs assert several claims against Defendants based on their marketing of the Southport Project, solicitation of investments, and post-investment management of the Southport Project. *See generally id.* Plaintiffs also allege their claims derivatively on behalf of Southport Office EB-5, LP, which is "the limited partnership in which they purchased limited partnership interests." *Id.* ¶ 68. Plaintiffs also propose bringing their claims as a class action on behalf of people who invested in the Southport Project. *Id.* ¶¶ 75–84.

On March 27, 2026, YMG filed its motion to dismiss pursuant to Rules 12(b)(1),

12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 27, at 3. That same day, Min Zhang Christ filed a notice of joinder informing the Court that she "joins in and adopts [YMG's] Motion to Dismiss to the extent the arguments therein apply to her." Dkt. No. 28. The Court construes Min Zhang Christ's notice as a motion to dismiss. On April 17, 2026, Plaintiffs filed their response to the Motions. Dkt. No. 29. On April 24, 2026, YMG filed its reply in support of its motion to dismiss, and on April 27, 2026, Min Zhang Christ filed her reply. Dkt. Nos. 30–31.

## III. LEGAL STANDARD

Rule 12(b)(1) allows a defendant to move to dismiss claims against it based on the Court's lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and may only hear cases authorized by the United States Constitution or a federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking jurisdiction has the burden of establishing subject-matter jurisdiction. *Id.* This requires the party invoking jurisdiction to adequately allege all pleading requirements to survive a motion to dismiss. *See Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1174 (9th Cir. 2025) (citing Fed. R. Civ. P. 8(a)(1)). The Court must dismiss an action once it determines that the Court lacks subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). If an asserted basis for jurisdiction fails, the Court "may examine whether another basis for jurisdiction exists." *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1239 (9th Cir. 2022).

Rule 12(b)(1) motions can be either a facial or factual challenge. A facial challenge asserts that the complaint's allegations are insufficient on their face to invoke subject-matter jurisdiction, and a factual challenge disputes the truth of allegations that would otherwise invoke jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When evaluating a facial challenge, the Court accepts the

complaint's allegations as true and draws all reasonable inferences in the plaintiff's favor to determine whether the complaint sufficiently invokes the Court's jurisdiction. *Williams v. Cent. Kitsap Sch. Dist.*, No. 25-cv-05963, 2026 WL 2209757, at *1 (W.D. Wash. July 31, 2026); *see Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) ("The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.").

If the Court lacks subject-matter jurisdiction, the Court does not need to analyze other arguments for dismissal. *See Torre-Flores v. Napolitano*, 567 F. App'x 523, 523 (9th Cir. 2014).

## IV. DISCUSSION

The Court may assert subject-matter jurisdiction based on either diversity or federal question jurisdiction. *See* 28 U.S.C. §§ 1331–1332; *Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025) ("'Congress has granted [district] courts jurisdiction over two main kinds of cases': federal question cases and diversity cases.").

Defendants argue that Plaintiffs' allegations fail to establish that this Court has subject-matter jurisdiction over this action. Dkt. No. 27, at 3–4; Dkt. No. 30, at 5–9.

### A. Subject-Matter Jurisdiction

#### *1. Diversity Jurisdiction*

a. <u>Plaintiffs' Claims</u>

28 U.S.C. § 1332(a) grants the Court jurisdiction over civil actions with an amount in controversy exceeding $75,000 and between parties who are:

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign

> state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a)(1)–(4).

An individual is a citizen of the state in which they are domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). An individual is domiciled in the state that is their "permanent home," the state where they intend to remain or intend to return. *Id.* To be a citizen of a state, an individual must be a U.S. citizen. *Id.* A corporation is a citizen of the state where it is incorporated and the state where its principal place of business is located. *Rosenwald*, 152 F.4th at 1175.

Plaintiffs' amended complaint invokes § 1332(a)(1) as the basis for the Court's jurisdiction over this action. Dkt. No. 24 ¶ 29. Section 1332(a)(1) requires that all parties in this action be citizens of a state. § 1332(a)(1). Plaintiffs all reside in China and are all investors in the EB-5 Program. Dkt. No. 24 ¶¶ 16–19. Investors in the EB-5 Program are individuals seeking to immigrate to and become permanent residents of the United States. *Id.* ¶ 33. Based on these allegations, the Court concludes that Plaintiffs are neither domiciled in any state nor U.S. citizens. Plaintiffs are instead citizens of a foreign state: China. Plaintiffs identify themselves as such. *Id.* ¶ 38 ("In or about November 2013, Defendant Min Zhang began approaching Chinese investors, including Plaintiffs, to gauge interest in the Southport Project."). This action cannot be between citizens of different states because Plaintiffs are not citizens of a state. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."). Therefore, the Court does not have subject-matter jurisdiction under § 1331(a)(1).

Section 1332(a)(2) requires that the action be between citizens of a state and citizens or subjects of a foreign state. § 1332(a)(2). Jurisdiction under this subsection is "unavailable where a foreign citizen appears on both sides of the litigation." *United Fin.*

*Cas. Co. v. Aman Expedite, LLC*, No. 23-cv-00587, 2026 WL 234064, at *2 (W.D. Wash. Jan. 28, 2026) (citing *Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 294 (9th Cir. 1989)). Plaintiffs are citizens of China, therefore § 1332(a)(2) requires that Defendants be citizens of a state.

Min Zhang Christ is a former Chinese national who resides in Washington. Dkt. No. 24 ¶ 20. Plaintiffs' allegations are insufficient for the Court to determine that Min Zhang Christ is a citizen of a state. Just because Min Zhang Christ is no longer a Chinese national does not mean that she is a U.S. citizen. Additionally, "an individual's place of residence is not synonymous with the individual's domicile or citizenship." *Doe v. Overlake Hosp. Med. Ctr.*, No. 25-cv-01711, 2026 WL 1674918, at *5 (W.D. Wash. June 9, 2026). Plaintiffs have not met their burden of establishing Min Zhang Christ's citizenship. *See Kokkonen*, 511 U.S. at 377.

YMG is both incorporated in and has its principal place of business in Hong Kong. Dkt. No. 24 ¶ 21; Dkt. No. 24-1, at 2. SEE is a Chinese corporation with its principal place of business in Shanghai, China. Dkt. No. 24 ¶ 24. YMG and SEE are foreign citizens, which defeats diversity jurisdiction in this action. *See United Fin. Cas. Co.*, 2026 WL 234064, at *2.

Hou and Wang reside in China, and both individuals are controlling persons of YMG, SEE, and Yingen. Dkt. No. 24 ¶¶ 23, 27–28. Yingen is a Chinese company located in Shanghai, China. *Id.* ¶ 27; Dkt. No. 24-8, at 2. For all three of these Defendants, Plaintiffs' allegations similarly fail to establish that they are citizens of a state as § 1332(a)(2) requires. *See Kokkonen*, 511 U.S. at 377. Therefore, the Court cannot conclude that it has subject-matter jurisdiction over Defendants under this subsection.

Neither of the remaining subsections establishes the Court's subject-matter jurisdiction over this action. Section 1332(a)(3) requires both sides of the litigation to include at least one party that is a citizen of a state, even if citizens of foreign states are additional parties. *See* § 1332(a)(3). As explained above, Plaintiffs' allegations lead the

Court to conclude that they are citizens of China, and not of any state. Section 1332(a)(4) is inapplicable because none of the Plaintiffs are a foreign state. § 1332(a)(4). Therefore, the Court lacks diversity jurisdiction over Plaintiffs' claims.

b. Derivative Claims

Plaintiffs also assert their claims derivatively on behalf of Southport Office EB-5, LP. Dkt. No. 24 ¶¶ 68–70. Plaintiffs participated in the Southport Project by purchasing limited partnership interests in Southport Office EB-5, LP. *Id.* ¶¶ 5, 68–69. The general partner is Seattle Family, LP; Plaintiffs do not allege the identities of Seattle Family, LP's partners. Dkt. No. 24-1, at 2.

When evaluating diversity jurisdiction, a limited partnership's citizenship is based on the citizenship of each of its general and limited partners. *See Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, 920 F.3d 1223, 1227 (9th Cir. 2019) (citing *Carden v. Arkoma Assos.*, 494 U.S. 185, 195–96 (1990)).

Even if Southport Office EB-5, LP stands in as the plaintiff, the Court still lacks subject-matter jurisdiction. Plaintiffs are citizens of China, so the limited partnership shares that citizenship. *See id.* Southport Office EB-5, LP's foreign citizenship would defeat diversity jurisdiction for the same reasons as Plaintiffs' foreign citizenships. Although Plaintiffs do not allege general partner Seattle Family, LP's citizenship, this does not change the fact that Southport Office EB-5, LP shares foreign citizenship with Plaintiffs for purposes of diversity jurisdiction, which defeats diversity jurisdiction with respect to these Defendants as explained above. *See United Fin. Cas. Co.*, 2026 WL 234064, at *2. Therefore, the Court lacks subject-matter jurisdiction over Plaintiffs' claims even if asserted derivatively.

c. Section 1332(d)

Plaintiffs also assert their claims as a proposed class action. Dkt. No. 24 ¶¶ 75–84. The Class Action Fairness Act ("CAFA") grants this Court subject-matter jurisdiction

over class actions with an amount in controversy exceeding $5 million and between parties that are minimally diverse. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006); *see* 28 U.S.C. § 1332(d). Minimal diversity between the parties exists where:

> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

§ 1332(d)(2)(A)–(C).

The Court similarly lacks diversity jurisdiction under CAFA because Plaintiffs fail to establish that minimal diversity exists. The amended complaint alleges that the proposed class includes "all persons who invested in the Southport Project whose funds ultimately were received by the Defendants or any one of them," excluding Defendants and their affiliates. Dkt. No. 24 ¶ 76. Defendants created the Southport Project to receive funding through the EB-5 Program, which facilitates investments from immigrant investors, not U.S. citizens. *Id.* ¶¶ 3, 6–7, 37–38. Defendants solicited investments from Chinese investors, not U.S. citizens. *Id.* ¶¶ 38–39, 42, 56–64. Plaintiffs also allege that their claims as EB-5 investors "are typical of the claims of all Class members as all Class members are similarly affected by Defendants' wrongful conduct." *Id.* ¶ 81.

Based on these allegations, Plaintiffs do not adequately allege that the proposed class includes any citizens of any state, because the class appears to be comprised of individual investors who are domiciled outside of the United States and are not U.S. citizens. *See Newman-Green, Inc.*, 490 U.S. at 828 ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."). Therefore, the Court concludes that it lacks subject-matter jurisdiction over this action under § 1332(d)(2)(A), (C).

Plaintiffs' allegations also fail to establish jurisdiction under § 1332(d)(2)(B),

which requires any defendant to be a citizen of a state. As explained above, Plaintiffs either: (1) allege that Defendants are foreign citizens, or (2) do not adequately allege that Defendants are citizens of a state. Accordingly, the Court cannot conclude that it has subject-matter jurisdiction under this subsection. Therefore, the Court concludes that it lacks subject-matter jurisdiction over this action under CAFA.

2. *Federal Question Jurisdiction*

"Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). 28 U.S.C. § 1331 grants the Court jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." § 1331. An action arises under federal law in one of two ways: (1) "when federal law creates the cause of action asserted"; or (2) the action falls within a "special and small category" of cases where the Court has subject-matter jurisdiction, "even where a claim finds its origins in state rather than federal law." *Negrete v. City of Oakland*, 46 F.4th 811, 816–17 (9th Cir. 2022).

Plaintiffs assert one federal cause of action in the amended complaint. In Count III, Plaintiffs seek to rescind at least one agreement between Min Zhang Christ, YMG, and SEE pursuant to Section 29(b) of the Exchange Act. Dkt. No. 24 ¶ 103. Plaintiffs allege that agreements between these Defendants violate Section 15(a) of the Exchange Act, because Min Zhang Christ failed to register as a broker or dealer and impermissibly received transaction-based compensation in connection with the Southport Project. *Id.* ¶¶ 9, 65, 103.

Section 29(b) voids "[e]very contract made in violation of any provision of [the securities laws] or of any rule or regulation thereunder, and every contract . . . the performance of which involves [such a] violation." *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1039 (9th Cir. 2011) (quoting 15 U.S.C. § 78cc(b)). Section 29(b) provides a private right of action for parties to a contract to seek rescission if that contract is made in violation of the Exchange Act. *Park v. Wong*, No. 24-cv-00723, 2024 WL

4766192, at *3 (C.D. Cal. Oct. 10, 2024) (quoting *Royal Air Props., Inc. v. Smith*, 312 F.2d 210, 213 (9th Cir. 1962)); *see also Xeriant, Inc. v. Auctus Fund LLC*, 141 F.4th 405, 411 (2d Cir. 2025) ("Section 29(b) of the Exchange Act creates a private right of action for parties seeking to rescind a contract made in violation -- or the performance of which involved a violation -- of the Exchange Act.").

To plead a Section 29(b) claim a plaintiff must allege that: (1) "the contract involved a prohibited transaction"; (2) the plaintiff "is in contractual privity with [the violating party]"; and (3) "[the plaintiff] is in the class of persons that the securities acts were designed to protect." *Melcher v. Fried*, No. 16-cv-02440, 2018 WL 6326334, at *17 (S.D. Cal. Dec. 4, 2018); *see also Scottrade, Inc. v. BroCo Invs., Inc.*, 774 F. Supp. 2d 573, 582–83 (S.D.N.Y. 2011). A Section 15(a) violation can form the basis of a Section 29(b) claim. *See Park*, 2024 WL 4766192, at *3; *see also Xeriant, Inc.*, 141 F.4th at 412; *Azarden LLC v. Miller*, No. 20-cv-00345, 2022 WL 951066, at *5, *8 (D. Ariz. Mar. 30, 2022) (granting summary judgment for defendants and dismissing plaintiff's action to enforce guarantees of promissory notes because the notes violated Section 15(a) and were under Section 29(b)).

In this action, Plaintiffs fail to state a claim for rescission under Section 29(b). Specifically, Plaintiffs seek to rescind contracts to which they are not parties. The amended complaint alleges that the contracts to be rescinded are "contracts between and among [Min Zhang Christ], SEE and YMG [that] violate Section 29(b) of the 1934 Act." Dkt. No. 24 ¶ 105. Plaintiffs cannot use Section 29(b) to rescind contracts that are entirely between Defendants. *See Scottrade, Inc.*, 774 F. Supp. 2d at 583 (dismissing plaintiff's Section 29(b) claim against a defendant because the complaint did not allege that a contract existed "between [plaintiff] and [defendant] or between [plaintiff's] customers and [defendant] pursuant to which [plaintiff] might claim privity"). Plaintiffs do not identify any contract between themselves and Defendants that they seek to rescind. Dkt. No. 24 ¶¶ 101–05. Plaintiffs fail to state a Section 29(b) claim and therefore fail to

assert a claim arising under the Exchange Act. *See Leite*, 749 F.3d at 1121.

Plaintiffs request declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure. Dkt. No. 24 ¶ 86. Rule 57 "govern[s] the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57. "The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent basis for federal subject matter jurisdiction." *Kerrigan v. VRMTG Asset Tr.*, No. 26-cv-00087, 2026 WL 2508272, at *3 (W.D. Wash. Aug. 26, 2026) (citing *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005)). Plaintiffs' remaining claims are a variety of state common law and statutory claims that do not fall within the "special and small category" of cases where the Court has "federal jurisdiction over a state law claim." *Negrete*, 46 F.4th at 817; *see* Dkt. No. 24 ¶¶ 89–100, 106–50. Therefore, the Court also lacks federal question subject-matter jurisdiction over this action.

**B. Leave to Amend**

Plaintiffs request leave to amend in their response to the Motions. Dkt. No. 29, at 8. The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend is not required when amendment would be futile, such as when further amendments would not fix a complaint's deficiencies. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) ("Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.").

With respect to Min Zhang Christ, Yingen, Hou, and Wang, it is possible that Plaintiffs may be able to correct their inadequate allegations and establish that the Court has diversity jurisdiction over the claims against these Defendants. Plaintiffs fail to allege the citizenship and domicile (not residence) of these individuals, and Plaintiffs fail to allege Yingen's principal place of business. It remains possible that Plaintiffs can allege that these Defendants are citizens of any state within the United States, which could establish diversity jurisdiction between these Defendants and Plaintiffs as foreign

citizens. *See* § 1332(a)(2). Plaintiffs are permitted to further amend their complaint with respect to these Defendants' citizenships. However, Plaintiffs cannot establish diversity jurisdiction against YMG and SEE, which are foreign citizens that defeat diversity jurisdiction over Plaintiffs' claims against them. *See United Fin. Cas. Co.*, 2026 WL 234064, at *2. Further amendment with respect to these Defendants' citizenships would be futile for diversity jurisdiction.

As for Plaintiffs' Section 29(b) claim, Plaintiffs must allege that they seek to rescind a contract either: (1) between themselves and Defendants, or (2) between Defendants and a party with whom Plaintiffs are in privity. *See Scottrade, Inc.*, 774 F. Supp. 2d at 583 ("To demonstrate contractual privity with defendants for purposes of Section 29(b), 'plaintiff must be a party to a contract or in privity with a party to a contract that violates [the] securit[ies] law[s].'"). Additionally, any amended Section 29(b) claim must comply with the statute's limitations period of one year from discovery of the Section 15(a) violation and three years after the violation occurred. *See Social Life Network, Inc. v. LGH Invs., LLC*, No. 22-55774, 2023 WL 3641791, at *1 (9th Cir. May 25, 2023); *see also Park v. Wong*, No. 24-cv-00723, 2025 WL 657912, at *4 (C.D. Cal. Jan. 23, 2025) (explaining that the Ninth Circuit has applied the "one-and-three-year limitations period" to Section 29(b) claims). Plaintiffs cannot amend their Section 29(b) claim, based on Defendants' alleged Section 15(a) violation, unless the claim complies with Section 29(b)'s statute of limitations. Accordingly, Plaintiffs cannot amend their Section 29(b) claim to be based on a Section 15(a) violation that: (1) Plaintiffs discovered, or should have discovered through due diligence, before April 24, 2024; or (2) occurred before April 24, 2022. *See Social Life Network, Inc.*, 2023 WL 3641791, at *1; *Park*, 2025 WL 657912, at *5 ("The statute of repose places an outer limit on the right to bring a civil action based on 'the date of the last culpable act or omission' of Defendant.").

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants Min Zhang Christ's and YMG's Motions. The Court **DISMISSES** the amended complaint as asserted against all Defendants. The Court **GRANTS** Plaintiffs leave to amend their amended complaint in accordance with this Order and within **21 days** of the date of this Order. Lastly, the Court **DENIES AS MOOT** Plaintiffs' outstanding motion for leave for alternative service of the amended complaint. Dkt. No. 33.

DATED this 19th day of November, 2026.

The Honorable Richard A. Jones
United States District Judge